FILED

2016 May-10  PM 05:23
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF ALABAMA
### NORTHEASTERN DIVISION

| | | |
|---|---|---|
| ERIC K. WILLIAMS, and all those similarly situated, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No.:5:15-cv-01434-MHH |
| | ) | |
| v. | ) | CLASS ACTION |
| | ) | |
| STELLAR RECOVERY, INC. and DISH NETWORK L.L.C., | ) | JURY DEMAND |
| | ) | |
| Defendants. | ) | |

## FIRST AMENDED COMPLAINT

COMES NOW Plaintiff Eric K. Williams, by and through counsel, in the above styled

cause, and states her Complaint as follows:

### PARTIES

1.      Plaintiff Eric Williams is a resident of Madison County, Alabama, over 19 years of

age, and is competent to bring this action.

2.      Defendant Stellar Recovery, Inc. (hereinafter "Stellar") is a Florida corporation

with its principal place of business located in Kalispell, Montana and was doing business in Madison

County, Alabama at all times material to this Complaint.

3.      Defendant Dish Network L.L.C. is registered in Colorado with its principal place of

business in Englewood, Colorado and was doing business in  Madison County, Alabama at all times

material to this Complaint.

4.      Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1331. *See Mims v. Arrow*

*Financial Services, Inc.*, 132 S.Ct. 740 (2012).

5.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because a substantial portion of the facts and circumstances that give rise to the cause of action occurred in this District.

6.      Congress enacted the TCPA in 1991 to address certain telemarketing practices widely considered invasive of consumer privacy.

7.      An automatic telephone dialing system (sometimes called "autodialer") is "equipment which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator to dial the numbers[,]" and has the capacity to dial such numbers.  *Id.* § 227(a)(1).  The term extends to equipment that has the capacity to dial numbers without human intervention.  *See In The Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C.R. 14014, 14093 (2003).

8.      With the limited exception of calls made for emergency purposes, the TCPA bans *all* calls to cell phones placed through an autodialer, regardless of whether they solicit the sale of goods or services, unless the recipient of the call provides "prior express consent" to receive the calls.  47 U.S.C. § 227(b)(1)(A); 47 C.F.R. § 64.1200(a)(1).

FACTUAL ALLEGATIONS

9.      Plaintiff Eric Williams has been called on his cellular telephone starting in or around April, 2014 by Defendant Stellar for and on behalf of Defendant Dish Network attempting to collect a purported debt owed to Dish Network.

10.      The cell phone number Stellar is calling was not a cell phone number Plaintiff had while he was a customer of Dish Network.

11.     Plaintiff did not have or provide the cell number Defendant Stellar has been calling using an Automated Telephone Dialing System ("ATDS") on behalf of Dish Network at the time he initiated service with Dish Network.

12.     Plaintiff never provided the cell phone number called by Defendant Stellar while a customer of Dish Network.

13.     Plaintiff never provided at any time the cell phone number to Dish Network that Defendant Stellar has been using to harass Plaintiff and has never given Stellar or Dish Network prior express consent to call his cellular phone number.

14.     Defendant Stellar is a third party collector for, and an agent of, Defendant Dish Network.

15.     The Federal Communications Commission ("FCC") was granted rule making authority by Congress with regard to TCPA compliance.  The FCC has stated on numerous occasions that  "[A] creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules. Calls placed by a third-party collector on behalf of that creditor are treated as if the creditor itself placed the call." *In the matter of Dish Network*, FCC Declaratory Ruling13-54, ¶38; 28 F.C.C.R. at 6588 (2013) *citing ACA International Ruling*, 23 FCC Rcd at 565, ¶10 (2008).

16.     Defendant Stellar was/is an agent of Defendant Dish Network and Stellar made calls about purported debts on behalf of Dish Network under a contract between the two entities for which Dish Network had control of Stellar's actions as the principal of Stellar.

17.     Defendant Stellar acted under the actual or apparent  authority of Defendant Dish Network when it called Plaintiff and the members of the class to collect upon purported debts owed

to Dish Network in behalf of and for the benefit of Defendant Dish Network.

18.     Defendant Dish Network has received benefit from its agent's, Defendant Stellar, calls to purported debtors when it has received money from debtors in connection with the calls by Stellar and has thereby ratified the acts of its agent, Defendant Stellar.

19.     Defendant Dish Network has received money from Defendant Stellar placing debt collection calls in its behalf and Dish has manifested its assent and/or consented to the actions of Defendant Stellar.

20.     In accordance with the TCPA and the FCC rules implementing the TCPA, Defendant Dish Network is also liable to Plaintiff and the class members for the actions of Defendant Stellar.

21.     Defendant Stellar illegally used an autodialer to call Plaintiff's cell phone without obtaining prior express consent to do so in violation of the Telephone Consumer Protection Act (TCPA) 47 U.S.C. § 227, et seq. ("TCPA").

22.     Defendant Stellar illegally used a predictive dialer to call  Plaintiff's wireless numbers without permission to do so in violation of the TCPA.

23.     Defendant Stellar illegally used pre-recorded calls to call Plaintiff's wireless number without permission to do so in violation of the TCPA.

24.     Defendant Stellar has continually harassed Plaintiff with pre-recorded calls to Plaintiff's cell phone without having consent to call his cell number.

25.     The volume and type of calls are harassing as the intent and motive behind them are to harass Plaintiff.

26.     Plaintiff verbally instructed Defendant Stellar to cease and desist making calls to his cellular telephone number explaining to Defendant it did not have consent to call his

cellular telephone.

27.     Defendant Stellar continued to use an autodialer and/or predictive dialers to make repeated telephone calls to Plaintiff's cellular telephone leaving prerecorded voice mails.

28.     All telephone contact by Defendant Stellar with Plaintiff's cellular telephone occurred via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), and all calls that are the subject of this Complaint occurred within four years of the filing of this Complaint.

29.     The telephone calls placed by Defendant Stellar to Plaintiff's cellular telephone via the automatic telephone dialing system used "an artificial or prerecorded voice" as described in 47 U.S.C. § 227(b)(1)(A).

30.     The telephone number that Stellar used to contact Plaintiff, with a "prerecorded voice" made by an "automatic telephone dialing system," was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

31.     The complained of telephone calls constituted calls not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

32.     Plaintiff did not give prior express consent to Dish Network to call his cellular telephone, and instructed Defendant Stellar not to call his cellular telephone number utilizing an "artificial or prerecorded voice" or calls placed by an "automatic telephone dialing system," within the meaning of 47 U.S.C. § 227(b)(1)(A).

33.     Stellar's telephone calls to Plaintiff's cellular phone utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system" for non-emergency purposes and in the absence of  Plaintiff's prior express consent violated 47 U.S.C. §227(b)(1)(A).

34.     Defendant Stellar itself, and on behalf of Defendant Dish Network,  illegally used a

predictive dialer to call Plaintiff's cell phone without permission to do so in violation of the Telephone Consumer Protection Act (TCPA).

35.     Defendant Stellar itself, and on behalf of Defendant Dish Network, illegally used pre-recorded calls to call Plaintiff's cell phone without permission to do so in violation of the Telephone Consumer Protection Act (TCPA).

36.     Plaintiff did not provide express consent to call his cell phone with an autodialer or with a predictive dialer.

37.     Plaintiff never gave consent to call his cell phone with pre-recorded calls.

38.     The calls by Defendant Stellar itself, and on behalf of Defendant Dish Network, were done and did have the effect of harassing Plaintiff and were also an invasion of his privacy by an intrusion upon seclusion and resulted in actual damages to each Plaintiff.

39.     This series of abusive collection calls by Defendant Stellar itself, and on behalf of Defendant Dish Network by and through its employees, agents, and/or representatives caused Plaintiff stress and anguish as a result of these abusive calls.

40.     Defendant Stellar's repeated attempts to collect this alleged debt from Plaintiff itself, and on behalf of Defendant Dish Network , and its violation of law, was an invasion of Plaintiff's privacy and his right to be left alone.

41.     Plaintiff has suffered actual damages as a result of these illegal collection communications by Defendant Stellar itself, and on behalf of Defendant Dish Network, in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

42.     Defendant Stellar itself, and on behalf of Defendant Dish Network, was attempting

to collect this debt from Plaintiff when it knew or should have known by information provided to it

through various sources, including Plaintiff, it did not have prior express authorization to contact

Plaintiff via a wireless number.

**COUNT I**
**VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION**
**ACT ("TCPA") 47 U.S.C. § 227, et seq.**

43.     Plaintiff incorporates by reference all of the paragraphs of this Complaint as though

fully stated herein.

44.     Defendant Stellar itself, and on behalf of Defendant Dish Network, has repeatedly

violated the TCPA by the calls made to Plaintiff, specifically the numerous calls by illegal automatic

dialers and/or predictive dialers that have been unleashed against Plaintiff by Defendant, including but

not limited to, the calls to Plaintiffs at all hours of the day and night, including calls to Plaintiff's

wireless number.

45.     Defendant Stellar itself, and on behalf of Defendant Dish Network, has repeatedly

violated the TCPA by the calls made to Plaintiff, specifically the numerous calls by illegal pre-

recorded messages that have been unleashed against Plaintiff by Defendants, including but not limited

to, the calls to Plaintiff's cell phone for which Defendants had no authorization to call.

46.     There is no exception or justification for the numerous violations of the TCPA by

Defendant Stellar itself, and on behalf of Defendant Dish Network.

47.     Each call is a separate violation and entitles Plaintiff to statutory damages against

Defendant Stellar, jointly and severally with Defendant Dish Network, in the amount of at least

$500.00 per call, and Plaintiff requests that since the violations were made intentionally or recklessly

that the violations be assessed a statutory damage of $1,500.00 per call, in accordance with 47 U.S.C. § 227(b)(3).

48.     All actions taken by Defendant Stellar itself, and on behalf of Defendant Dish Network, were taken with malice, were done willfully, recklessly and/or were done with either the desire to harm Plaintiff and/or with the knowledge that its actions would very likely harm Plaintiff and/or that its actions were taken in violation of the TCPA and/or that knew or should have known that its actions were in reckless disregard of the TCPA.

49.     All of the violations of the TCPA by Defendant Stellar, jointly and severally with Defendant Dish Network, proximately caused the injuries and damages set forth in this Complaint.

WHEREFORE, Plaintiff demands judgment against Defendants Stellar and Dish Network, jointly and severally, for statutory, actual, compensatory, and/or punitive damages an amount to be determined by the trier of fact, together with attorneys' fees, interest from the date of injury and the costs and expenses of this proceeding.  Further, Plaintiff prays for further and other just and equitable relief against Defendants.

## COUNT II
## NEGLIGENT, RECKLESS, WANTON, MALICIOUS AND/OR INTENTIONAL CONDUCT

50.     All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

51.     Defendant Stellar itself, and on behalf of Defendant Dish Network, owed a duty to Plaintiff not to place telephone calls to Plaintiff's cellular telephone in violation of state and/or federal law, not to continually harass her with regard to this debt in violation of state and/or federal law.

52.     Defendant Stellar itself, and on behalf of Defendant Dish Network, had a duty under Alabama law to act reasonably under the circumstances.

53.     Defendant Stellar itself, and on behalf of Defendant Dish Network, violated this duty under Alabama law by contacting Plaintiff on his cellular telephone in violation of state and/or federal law.

54.     Defendant Stellar itself, and on behalf of Defendant Dish Network, violated its duties to Plaintiff and such violations were made intentionally, recklessly, willfully, wantonly, maliciously, and/or negligently as Defendant refused to comply with all the duties that Defendant had.

55.     Plaintiff has been damaged as a proximate result of all Defendants' Stellar and Dish Networks' wrongful conduct, jointly and severally, as set forth in this Complaint, including, but not limited to, Plaintiff suffered actual damages for worry, shame, humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

WHEREFORE, Plaintiff demands judgment against Defendants Stellar and Dish Network jointly and severally, for actual, compensatory, and/or punitive damages in an amount to be determined by the trier of fact, together with attorneys' fees, interest from the date of injury and the costs and expenses of this proceeding.  Further, Plaintiff prays for further and other just and equitable relief.

## COUNT III
## NEGLIGENT HIRING, TRAINING, AND/OR SUPERVISION OF EMPLOYEES AND/OR AGENTS

56.     All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

57.     Defendant Stellar negligently, wantonly, willfully, recklessly, and/or intentionally hired, retained, and/or supervised incompetent personnel, who were allowed or encouraged to violate the law as was done to Plaintiff as stated throughout this Complaint, including making calls to Plaintiff's cellular telephone without consent and by continually harassing Plaintiff on his cellular telephone and is thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

58.     Defendant Stellar's employees, agents, and/or representatives committed the violations of state and/or federal law as set forth in this Complaint.

59.     Defendant Stellar was negligent or wanton in the hiring, training, and/or supervision of its employees and/or agents.

60.     The employees and/or agents of Defendants Stellar while acting in furtherance of each one's employment or agency by contacting Plaintiff when they knew, or should have known, that such contact by calling Plaintiff's cellular telephone and continually harassing Plaintiff violated state and/or federal law was performed in the line and scope of each one's respective employment or agency and each was incompetent to perform his/her duties and Defendant did know, or should have known, of such incompetence.

61.     The negligent or wanton conduct of those employees and/or agents of Defendant Stellar while acting in furtherance of each one's employment or agency and in the line and scope of each one's respective employment or agency lead to and/or proximately caused Plaintiff to suffer

damages as set forth in this Complaint.

WHEREFORE, Plaintiff demands judgment against Defendant Stellar for actual, compensatory, and/or punitive damages in an amount to be determined by the trier of fact, together with attorneys' fees, interest from the date of injury and the costs and expenses of this proceeding. Further, Plaintiff prays for further and other just and equitable relief against Defendant Stellar.

## COUNT IV
## CLASS CLAIMS AGAINST DEFENDANTS STELLAR AND DISH NETWORK FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227 et seq.
### Class Action Allegations

62.     All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

63.     Plaintiff brings this action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of a class of all other persons or entities similarly situated throughout the United States.

64.     Upon information and belief, pursuant to a uniform policy and procedure, Stellar and/or its authorized agents, performed skip trace searches to find telephone numbers, including cellular telephone numbers for which it did not obtain prior express permission to call before calling, and then engaged in widespread calling of cellular telephones without express permission to do so in violation of the TCPA.

65.     Upon information and belief, Stellar has made thousands of calls to the cellular telephones of hundreds, or possibly thousands of individuals and entities throughout the United States via auto-dialer without first obtaining prior express consent and/or by using artificial prerecorded voices.

66.     The tentative classes of persons Plaintiff proposes to represent include:

(1) All persons or entities within the United States who, within the four years prior to the filing of the Complaint, received telephone calls to their cellular telephone without Stellar first obtaining prior express consent to call using an automatic telephone dialing system;

(2) All customers of Dish Network within the United States who, within the four years prior to the filing of the Complaint, received telephone calls to their cellular telephone from Stellar Recovery without Stellar first obtaining prior express consent to call using an automatic telephone dialing system.

67.     The class as defined above is identifiable by phone records and phone number databases.  On information and belief, the potential class members number in the hundreds, and possibly thousands, and constitute a class so numerous that joinder of all class members is impracticable.

68.     Plaintiff is a member of the class.

69.     There are questions of law and fact common to Plaintiff and to the proposed class, including but not limited to the following:

        a.      Whether Defendants violated the TCPA by engaging in collection calls via auto-dialer without first obtaining prior express consent;

        b.      Whether Defendants obtained prior express consent in the initial underlying transaction from consumers before making calls to consumers' cell phones;

        c.      Whether any prior express consent given during the initial transaction was subsequently revoked prior to Defendants making calls to consumers' cell phones;

        d.      Whether the Plaintiff and the members of the class are entitled to statutory

damages as a result of Defendants' actions.

70.     Plaintiff's claims are typical of the claims of the class.

71.     Plaintiff is an adequate representative of the classes because her interests do not conflict with the interests of the class, and she will fairly and adequately protect the interests of the class.

72.     Common questions of law and fact predominate over questions affecting only individual members of the class and a class action is the superior method for fair and efficient adjudication of the controversy.   The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendants and/or their agents.

73.     The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation.

74.     Plaintiff is capable of and is willing to represent the other members of the class.

## Legal Claims

*First Class Claim - Calls to Cellular Telephones Without Obtaining Prior Express Consent*

75.     Plaintiff refers to and incorporates all previous paragraphs as though fully set forth herein.

76.     The TCPA prohibits the making of any call—without prior express consent of the called party—by using any automatic telephone dialing system to a cellular telephone.

77.     Defendant Stellar violated the TCPA by making calls to collect a debt to Plaintiff's cell phone via auto-dialer.

78.     Defendant engaged in skip tracing to obtain Plaintiff's cellular telephone number.

79.     Defendant failed to obtain prior express consent before calling Plaintiff's cellular

telephone number via auto-dialer in violation of the TCPA; or in the alternative, if it could be determined consent had been given at some point, Plaintiff revoked the consent prior to Defendant calling Plaintiff's cellular telephone.

80.      Defendant Dish Network is liable for the actions of its third-party debt collector, Defendant Stellar.  *In the matter of Dish Network*, FCC Declaratory Ruling13-54, ¶38; 28 F.C.C.R. at 6588 (2013) *citing ACA International Ruling*, 23 FCC Rcd at 565, ¶10 (2008).

81.      Defendants Stellar and Dish Network have, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii).

82.      As a result of Defendants Stellar and Dish Networks' illegal conduct as alleged herein, the members of the class suffered actual damages and, under §227(b)(3)(B), are each entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the TCPA and if found the violations were made intentionally or recklessly that the violations be assessed a statutory damage of $1,500.00 per call, in accordance with 47 U.S.C. § 227(b)(3).

*Second Class Claim - Calls to Cellular Telephones Utilizing an Artificial or Prerecorded Voice*

83.      Plaintiff refers to and incorporates all previous paragraphs as though fully set forth herein.

84.      The TCPA prohibits the making of any call - using an artificial or prerecorded voice - to any telephone number assigned to a cellular telephone service.

85.      Defendant Stellar violated the TCPA by making calls to collect a debt to Plaintiff's cell phone via auto-dialer and leaving messages using an artificial or prerecorded voice.

86.      Defendant failed to obtain prior express consent before calling Plaintiff's cellular telephone number via auto-dialer and leaving messages using an artificial or prerecorded voice in

violation of the TCPA.

87.     Defendant Dish Network is liable for the actions of its third-party debt collector, Defendant Stellar.  *In the matter of Dish Network*, FCC Declaratory Ruling13-54, ¶38; 28 F.C.C.R. at 6588 (2013) *citing ACA International Ruling*, 23 FCC Rcd at 565, ¶10 (2008).

88.     Defendants Dish Network and Stellar have, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii).

89.     As a result of Defendants Stellar and Dish Networks' illegal conduct as alleged herein, the members of the class suffered actual damages and, under §227(b)(3)(B), are each entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the TCPA, and if found the violations were made intentionally or recklessly that the violations be assessed a statutory damage of $1,500.00 per call, in accordance with 47 U.S.C. § 227(b)(3).

### . Third Class Claim: Injunctive Relief

90.     Plaintiff refers to and incorporates all previous paragraphs as though fully set forth herein.

91.     Defendants Stellar and Dish Network, their authorized agents, vendors, or contractors have possession, custody and control of the business records, databases, computer systems and other information and equipment necessary to identify the members of the class, including but not limited to the names, addresses and cellular telephone numbers of the class members. Unless immediate injunctive relief is ordered, Defendants, their authorized agents, vendors, or contractors may alter, erase, delete, destroy or otherwise dispose of and remove such systems, records and equipment. For this reason, Plaintiff is entitled to an order prohibiting and enjoining Defendant, its authorized agents, vendors, or contractors from altering, deleting, destroying or otherwise disposing of any documents,

records, databases or computer systems that are necessary to identify the members of the class.

92.     The TCPA expressly authorizes injunctive relief to prevent further violations of the TCPA.

93.     The Plaintiff, acting on behalf of the Class, respectfully petitions this Court to order Defendants Dish Network and Stellar, including, but not limited to employees, agents or other affiliates, to immediately cease calling cellular telephones without first obtaining prior express consent to call cellular telephones in violation of the TCPA.

### Relief Sought

94.     Plaintiff, on behalf of himself and the Class, prays for the following relief:

1.     An order certifying the Class as defined above;

2.     An injunction requiring Defendants to cease all cellular telephone calls without prior express consent and restraining Defendants from altering, erasing, changing, deleting, destroying or otherwise removing or disposing of any documents, records, databases, computer systems and the like currently in its possession or control or in the possession or control of its agents and contractors which are used or useful in identifying all persons to whom Defendants have made calls to a cellular telephone without prior express consent;

3.     An order preliminarily and permanently enjoining Defendants from engaging in the practices challenged herein;

4.     A minimum of $500.00 in damages for each violation of the TCPA and if found the violations were made intentionally or recklessly that the violations be assessed a statutory damage of $1,500.00 per call, in accordance with 47 U.S.C. § 227(b)(3);

5.     Reasonable attorneys' fees and costs; and

6.      Such further and other relief the Court deems appropriate.

                                                  s/Wesley L. Phillips
                                          Wesley L. Phillips (PHI053)
                                          Attorney for Plaintiff

OF COUNSEL:
PHILLIPS LAW GROUP, LLC
Post Office Box 362001
Birmingham, Alabama 35236
Telephone: (205) 383-3585
Facsimile:  (800) 536-0385
Email: wlp@wphillipslaw.com

**PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS MATTER .**

                                                  s/Wesley L. Phillips
                                          OF COUNSEL

**CERTIFICATE OF SERVICE**

        I hereby certify that a copy of the above and foregoing document has been served on all parties/attorney(s) of record via either U.S. Mail, postage prepaid, electronic mail, facsimile, and/or electronic mail through the ECM/CF system this 8th day of   May   , 2016.

Alison Emery
Assurance Law Group
3731 Hendricks Avenue
Jacksonville, FL 32207

                                                  s/Wesley L. Phillips
                                          OF COUNSEL

**PLEASE SERVE SUMMONS AND COMPLAINT BY CERTIFIED MAIL AS**

**FOLLOWS:**

Stellar Recovery, Inc.
Business Filings Incorporated
2 North Jackson Street, Suite 605
Montgomery, Alabama 36104

Dish Network L.L.C.
CSC Lawyers Inc. Svc
150 South Perry Street
Montgomery, AL 36104