IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| ERIC K. WILLIAMS, and all those similarly situated, | ) ) ) |
| Plaintiff, | ) ) Case No.: 5:15-cv-01434-MHH |
| v. | ) ) ) |
| STELLAR RECOVERY, INC. and JOHN G. SCHANCK, | ) ) ) |
| Defendant. | ) ) |

## **DEFENDANT JOHN G. SCHANCK'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendant JOHN G. SCHANCK ("Defendant Schanck"), hereby moves this Honorable Court to dismiss Plaintiff's Second Amended Complaint, pursuant to Rules 12(b)(2) and (6) of the Federal Rules of Civil Procedure, on the grounds that this Court lacks personal jurisdiction over Defendant Schanck and that the alleged causes of action fail to state a claim upon which relief may be granted against Defendant Schanck.

### I.   INTRODUCITON

Plaintiff filed a Class Action Complaint (the "Complaint") on August 21, 2015. (Doc. 1) and a First Amended Class Action Complaint on May 10, 2016 (Doc. 22) against only Defendant Stellar Recovery, Inc. ("Defendant Stellar"). On or about

June 2, 2017 Plaintiff filed a Motion to Certify Class (Doc. 37), which was granted on June 15, 2018. By this time Defendant Stellar had ceased operations, terminated all its employees, closed its offices, and formally dissolved with the State of Florida Department of Corporations.

Thereafter, Plaintiff moved to file a Second Amended Class Action Complaint (the "Second Amended Complaint") on or about June 27, 2018 (Doc. 49), adding Defendant Schanck to the action for the first time. The Second Amended Complaint asserts against both Defendant Stellar and Defendant Schanck both individual and class claims of violations of Section 227(b)(1)(A)(iii) of the Telephone Consumer Protection Act (the "TCPA"), Negligent, Reckless, Wanton, Malicious and/or Intentional Conduct, and Negligent Hiring, Training, and/or Supervision of Employees and/or Agents.

## II. STANDARDS OF REVIEW

A federal court may properly exercise personal jurisdiction over a defendant only if such exercise (1) is permissible under the long-arm statute of the forum state, and (2) comports with the Due Process Clause of the Fifth Amendment (or, if a diversity case, the Fourteenth Amendment). *See, e.g., Posner v. Essex Insurance Co.*, 178 F.3d 1209, 1214 (11th Cir. 1999); *see also PVC Windoors, Inc. v. Babbitbay Beach Construction, N.V.*, 598 F.3d 802, 808 (11th Cir. 2010). Alabama's long-arm

statute confers personal jurisdiction to the fullest extent allowed by federal constitutional due process principles. *Aeropower, Ltd. v. Matherly*, 511 F. Supp. 2d 1139, 1154 (M.D. Ala. 2007); *Vista Land & Equipment, L.L.C. v. Computer Programs & Systems, Inc.*, 953 So. 2d 1170, 1174 (Ala. 2006); *see also* Ala. R. Civ. P. 4.2. Therefore, the court needs only to determine whether the exercise of personal jurisdiction over Defendant Schanck comports with due process. *Aeropower, Ltd.*, 511 F. Supp. 2d at 1154; *see also Sloss Industries Corp. v. Eurisol*, 488 F.3d 922, 925 (11th Cir. 2007) ("In this case, the two inquiries merge, because Alabama's long-arm statute permits the exercise of personal jurisdiction to the fullest extent constitutionally permissible.").

Due process requires that a defendant have minimum contacts with the forum state, and that the exercise of jurisdiction not offend traditional notions of fair play and substantial justice, which requires consideration of "(a) the burden on the defendant, (b) the forum State's interest in adjudicating the dispute, (c) the plaintiff's interest in obtaining convenient and effective relief, (d) the interstate justice system's interest in obtaining the most efficient resolution of controversies, and (e) the shared interest of the several States in furthering substantive social policies." *Meier ex rel. Meier v. Sun International Hotels, Ltd.*, 288 F.3d 1264, 1276 (11th Cir. 2002) (citing *Future Technology Today, Inc. v. OSF Healthcare Systems*, 218 F.3d 1247, 1251 (11th Cir. 2000) (in turn citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476

(1985)); *see also World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980).

Rule 8(a)(2) of the Federal Rules of Civil Procedure states that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards, nor do pleadings suffice that are based merely upon "labels and conclusions" or "naked assertion[s]" without supporting factual allegations. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 & 557 (2007). Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To meet the requirements of Rule 8(a)(2) and survive a motion to dismiss, "a complaint must allege 'enough facts to state a claim to relief that is plausible on its face.'" *Adinolfe v. United Tech. Corp.*, 768 F.3d 1161, 1169 (11th Cir. 2014) (quoting *Twombly*, 550 U.S. at 555 & 570). "Specific facts are not necessary; the statement needs only 'give the defendant fair notice of the claim . . . and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555). When deciding a motion to dismiss, the court must assume the truth of the factual allegations in the complaint and give the plaintiff the benefit of all reasonable factual inferences. *See, e.g., Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009); *Hazewood v. Found. Fin. Grp., LLC*, 551 F.3d 1223, 1224 (11th Cir. 2008). Legal conclusions couched as factual allegations are not entitled to the same assumption of veracity. *Iqbal*, 556 U.S. at 678.

### III. ARGUMENT

#### A. The Plaintiff has not, and cannot, establish that this Court has personal jurisdiction over Defendant Schanck.

It is undisputed that Defendant Schanck is not an Alabama resident (See Summons and Executed Summons, Doc. 56 and 57, showing Defendant Schanck resides in Canada). Thus, Plaintiff must establish that this Court can exercise personal jurisdiction over Defendant Schanck. *See Olivier v. Merritt Dredging Co.*, 979 F.2d 827, 830 (11th Cir.1992), cert denied, 507 U.S. 983, 113 S.Ct. 1577, 123 L.Ed.2d 145 (1993); *Redmon v. Society and Corporation of Lloyds*, 434 F.Supp.2d 1211 (M.D. Ala. 2006).

When a nonresident defendant challenges the exercise of personal jurisdiction, the plaintiff must establish that personal jurisdiction over that defendant comports with Alabama's longarm provision and the due process clause of the 14th Amendment of the U.S. Constitution. *See Williams Elec. Co. v. Honeywell, Inc.*, 854 F.2d 389, 391 (11th Cir.1988). Alabama's longarm provision, Ala. R. Civ. P. 4.2(a), extends the personal jurisdiction of Alabama courts to the limits of the United States and Alabama Constitutions. Furthermore, the due process guaranteed by the

Alabama Constitution is coextensive with the due process guaranteed by the 14th Amendment. *See J.C. Duke & Assoc. General Contractors, Inc. v. West*, 991 So.2d 194, 197 (Ala. 2008).

Under the due process clause, a court can exercise personal jurisdiction over a non-resident defendant when the defendant has sufficient "minimum contacts" with the forum State, and the exercise of jurisdiction over the defendant does not offend "traditional notions of fair play and substantial justice." *South Alabama Pigs, LLC v. Farmer Feeders, Inc.*, 305 F.Supp.2d 1252, 1264 (M.D. Ala. 2004) (quoting *Burnham v. Super. Ct. of California*, 495 U.S. 604, 618, 110 S.Ct. 2105, 2114-15, 109 L.Ed.2d 631 (1990), and *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945)). General jurisdiction exists when the non-resident defendant has continuous and systematic contacts with the forum state that are unrelated to the plaintiffs cause of action, and specific jurisdiction exists when the non-resident defendant's contact with the forum state is related to the plaintiffs cause of action. *JC Duke & Assoc.*, 991 So.2d at 197 (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n. 9, 415, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984); and *Burger King Corp.*, 471 U.S. at 472-75, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)).

Plaintiff does not allege general personal jurisdiction over Defendant Schanck. And, general jurisdiction over Defendant Schanck does not exist because

he does not have the sort of systematic and continuous contacts to establish general personal jurisdiction. Defendant Schanck is a resident of Vancouver, Canada, not Alabama. Defendant Schanck owns no real or personal property in Alabama, nor does he maintain any bank accounts in Alabama. Without those systematic or continuous contacts with the State of Alabama, this Court cannot exercise general personal jurisdiction over Defendant Schanck.

Moreover, under the corporate shield doctrine, personal jurisdiction over a nonresident corporate officer in his individual capacity may not be based on jurisdiction over the corporation. *South Alabama Pigs, LLC*, 305 F.Supp.2d 1252, 1260; *Ex parte Puccio*, 923 So.2d 1069, 1075-1076 (Ala. 2005). "Acts committed by an officer as an agent of the corporation will not subject the officer to personal jurisdiction." *South Alabama Pigs*, 305 F.Supp.2d at 1260 (citing *Thames v. Gunter-Dunn*, 373 So.2d 640, 642 (Ala.1979)).

There is an exception to the corporate shield doctrine, where if a corporation is merely the alter ego of an individual, then the Court can disregard the corporate form and exercise personal jurisdiction over the individual based on the contacts of the corporation. *See, J.C. Duke & Assoc.*, 991 So.2d at 199. But, disregarding the corporate form is a drastic measure. The Alabama Supreme Court explained "[t]he concept that a corporation is a legal entity existing separate and apart from its shareholders is well settled in this state." *Simmons v. Clark Equipment Credit*

*Corporation*, 554 So.2d 398, 400 (Ala. 1989). As a result, "[p]iercing the corporate veil is not a power that is lightly exercised." *Id.*

A number of factors may be considered in determining whether the corporate veil may be pierced. These factors include whether (1) the corporation is set up as a subterfuge; (2) the corporation's shareholders do not observe the corporate form; (3) the legal requirements of corporate law are not complied with; (4) the corporation maintains no corporate records; (5) the corporation maintains no corporate bank account; (6) the corporation has no employees; (7) corporate and personal funds are comingled and corporate funds are used for personal purposes; and (8) an individual drains funds from the corporation. *Id.* at 401; *see also South Alabama Pigs, LLC*, 305 F.Supp. 2d at 1258.

Defendant Stellar's corporate form should not be disregarded in light of these factors. Stellar was not set up as a subterfuge. Stellar complied with corporate law. At the time of Plaintiff's allegations, it was an active corporation registered and in good standing with the Florida Secretary of State and maintained corporate records.

Likewise, Stellar maintained its own bank account. Corporate and personal funds were not comingled. The Stellar bank accounts are separate and distinct from the personal bank accounts of Defenant Schanck, and to the extent Stellar had any

expenses or made any payments, those payments were made by Stellar through its corporate bank accounts.

The factors considered by Alabama courts regarding corporate veil piercing are not present here. Thus, this Court should not disregard the corporate form of Stellar in order to exercise personal jurisdiction over Defendant Schanck, because any claimed actions of Defendant Schanck alleged in Plaintiff's Second Amended Complaint would have been taken by Defendant Schanck in his role as a corporate officer of Stellar, not in an individual capacity.

Accordingly, there is no basis for personal jurisdiction over Defendant Schanck in this matter.

### B. Plaintiff's TCPA claims against Defendant Schanck are time barred.

Plaintiff alleges TCPA claims against Defendant Schanck in both Count I and Count IV of the Second Amended Complaint. The statute of limitations for a TCPA claim is four years. 28 U.S.C. § 1658(a); *Solis v. CitiMortgage, Inc.*, 700 Fed.Appx. 965 (11th Cir. 2017). Plaintiff alleges that the violating calls to Plaintiff's cellular telephone from Defendant Stellar began in or around April 2014. Plaintiff's Second Amended Complaint, which named Defendant Schanck for the first time, was filed on or about June 27, 2018. Thus, any and all claims relating to phone calls allegedly made by the Defendant on or before June 27, 2014 are time barred.

Rule 15(c)(1) governs the relation back of amended pleadings and states as follows:

> (1) When an Amendment Relates Back. An amendment to a pleading relates back to the date of the original pleading when:
>
>> (A) the law that provides the applicable statute of limitations allows relation back;
>>
>> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
>>
>> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>>
>>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>>>
>>> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the property party's identity.

Fed. R. Civ. P. 15(c)(1). As the Supreme Court has explained, all three requirements under Rule 15(c)(1)(C) must be met before an amended complaint against a newly-named defendant can relate back:

> First, the claim against the newly named defendant must have arisen "out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." FED. R. CIV. P. 15(c)(1)(B), (C). Second, "within the period provided by Rule 4(m) for serving the summons and complaint" (which is ordinarily 120 days from when the complaint is filed, see Rule 4(m)), the newly named defendant must have "received such notice of the action that it will not be prejudiced in defending on the merits." Rule 15(c)(1)(C)(i). Finally, the plaintiff must show that, within the Rule 4(m) period, the newly named defendant "knew or should have known that the

action would have been brought against it, but for a mistake concerning the proper party's identity." Rule 15(c)(1)(C)(ii).

*Krupski v. Costa Crociere*, 560 U.S. 538, 545, 130 S. Ct. 2485, 2491-92, 177 L.Ed. 2d 48 (2010).

Defendant Schanck does not dispute that the claims asserted in the Second Amended Complaint arise from the same conduct, transaction, or occurrence as set out in the Initial Complaint. And Defendant Schanck had notice of the action as Director of Stellar. However, the third requirement under Rule 15(c)(1)(C) has not and cannot be met. The filing of the Second Amended Complaint adding Defendant Schanck for the first time is not a result of any mistake in the identity of a party sufficient to meet the requirements of Rule 15(c)(1)(C). Plaintiff was aware of Defendant Schanck and his role within the company of Stellar and intentionally chose to only sue Defendant Stellar Recovery. According to *Krupski,* "it would be error to conflate knowledge of a party's existence with the absence of mistake." *Krupski*, 560 U.S. 538, 548 (2010). "That a plaintiff knows of a party's existence does not preclude [him] from making a mistake with respect to that party's identity." *Id.* Indeed, a "plaintiff may know that a prospective defendant–call him party A– exists, while erroneously believing him to have the status of party B." *Id.* However, it is clear in this case that Plaintiff knew of Defendant Schanck and his status within the company and still only chose to initially sue Defendant Stellar Recovery in 2015,

not adding Defendant Schacnk until mid-2018. Thus, there is no plausible way Defendant Schanck knew or should have known that he would have been named as a defendant but for an error, as is required by Rule 15(c)(1)(C).

Therefore, in regard to Plaintiff's TCPA claims against Defendant Schanck, Counts I and IV, Plaintiff has failed to state a claim upon which relief can be granted, and must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

### C. Plaintiff fails to state a claim for Negligent, Reckless, Wanton, Malicious and/or Intentional Conduct.

Count II of Plaintiff's Second Amended Complaint alleges a claim for "Negligent, Reckless, Wanton, Malicious and/or Intentional Conduct."

Under Alabama law, "[t]he elements of a negligence claim are a duty, a breach of that duty, causation, and damage." *Prill v. Marrone*, 23 So. 3d 1, 6 (Ala. 2009) (quoting *Armstrong Bus. Servs., Inc. v. AmSouth Bank*, 817 So. 2d 665, 679 (Ala. 2001)). "To establish wantonness, the plaintiff must prove that the defendant, with reckless indifference to the consequences, consciously and intentionally did some wrongful act or omitted some known duty." *Martin v. Arnold*, 643 So. 2d 564, 567 (Ala. 1994). Further, "[t]o be actionable, that act or omission must proximately cause the injury of which the plaintiff complains." *Id.* (citing *Smith v. Davis*, 599 So. 2d 586 (Ala. 1992)).

Plaintiff has failed to sufficiently plead facts to support a claim for negligence or wantonness against Defendant Schanck. Plaintiff attempts to plead the elements, and facts in support thereof, of negligence, recklessness, and wantonness by claiming in nearly each paragraph of Count II that "Defendant Stellar itself, and on behalf of Defendant Schanck,…" Plaintiff has failed to plead sufficient facts to demonstrate that Defendant Schanck specifically and personally participated in any alleged negligent, reckless, wanton, malicious and/or intentional conduct.

Nowhere in the Second Amended Complaint adding Defendant Schanck individually as a party does Plaintiff set forth specifically any facts articulating what activity Defendant Schanck, himself individually, engaged in or failed to engage in to support a cause of action against him for negligence, as distinct from a separate cause of action attempting to hold him liable for Defendant Stellar's alleged violation of the TCPA. When the Plaintiff does not set forth sufficient independent allegations of negligence in conjunction with the alleged violation of the TCPA, the negligence cause of action should be dismissed even if the Complaint otherwise states a cause of action for violation of the TCPA. See *Aquilar v. Ocwen Loan Servicing, LLC*, 289 F. Supp. 3d 1000 (D. Minn. 2018).

Therefore, in regard to Plaintiff's Count II claims against Defendant Schanck, Plaintiff has failed to state a claim upon which relief can be granted, and must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

### D. Plaintiff fails to state a claim for Negligent Hiring, Training, and/or Supervision of Employees and/or Agents.

Count III of Plaintiff's Second Amended Complaint alleges a claim for "Negligent Hiring, Training, and/or Supervision of Employees and/or Agents."

To prove a claim under Alabama law for either negligent/wanton entrustment, negligent hiring, negligent supervision or negligent retention, a plaintiff must demonstrate that the employer knew, or in the exercise of ordinary care should have known, that its employee was incompetent." *Britt v. USA Truck, Inc.*, 2007 WL 4554027, *4 (M.D.Ala.2007), citing *Armstrong Bus. Servs. v. AmSouth Bank*, 817 So.2d 665, 682 (Ala.2001) (negligent supervision); *Bruck v. Jim Walter Corp.*, 470 So.2d 1141, 1144 (Ala.1985) (negligent/wanton entrustment); *Brown v. Vanity Fair Mills, Inc.*, 291 Ala. 80, 277 So.2d 893, 895 (1973) (negligent retention); *Sanders v. Shoe Show, Inc.*, 778 So.2d 820, 824 (Ala.Civ.App.2000) (negligent hiring).

Here, Plaintiff has not sufficiently alleged that Defendant Schanck was aware of any alleged incompetence of any employee. Additionally, as with the claims in Count II discussed above, all claims in this Count, Count II are phrased as "Defendant Stellar itself, and on behalf of Defendant Schanck,…" Plaintiff again fails to identify specific facts that show Defendant Schanck specifically and personally participated in any negligent hiring, training or supervision of any employees.

Therefore, in regard to Plaintiff's Count III claims against Defendant Schanck, Plaintiff has failed to state a claim upon which relief can be granted, and must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## IV. CONCLUSION

For the reasons set forth herein, Defendant Schanck respectfully requests that this Court grant his Motion to Dismiss Plaintiff's Second Amended Complaint and any additional relief it deems proper.

By: _____
John G. Schanck, *pro se Defendant*
2407 McNicoll Avenue
Vancouver, BC, V6J 1A7 Canada

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was filed and served on December 28, 2018 via the US Mail, which will provide notice to the following: Wesley L. Phillips, Counsel for Plaintiff, at Phillips Law Group LLC, P.O. Box 362001, Hoover, AL 35236.

By: _____
John G. Schanck, *pro se Defendant*